UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARJORIE TYLKE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,<br><br>        Defendant. | Case No.: 14-cv-748<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Marjorie Tylke is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, debts allegedly incurred for personal, family or household purposes, namely a cell phone bill.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6.      Defendant Diversified Adjustment Service, Incorporated ("Diversified") is a corporation with its principal place of business located at 600 Coon Rapids Blvd., Coon Rapids, Minnesota 55433.

7.      Diversified is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Diversified is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Diversified is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

9.      Plaintiff entered into a consumer transaction with Verizon Wireless ("Verizon") for cellular telephone service.

10.     On or about March 4, 2014, Diversified mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to Verizon. A copy of the letter is attached to this complaint as Exhibit A.

11.     Upon information and belief, Exhibits A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12.     Exhibits A states the following: "The above balance due includes a Verizon Wireless Collection Fee of $0.00."

13.     Exhibit A threatens to collect a fee. Although the "collection fee" in Exhibit A is $0.00, the letter implies that there could be a collection fee added to the debt in a future letter.

14.     Plaintiff's cellular service contract with Verizon was for services, specifically Verizon cellular phone services, and involved agreements to render services and defer payment, under which finance charges, including but not limited to early termination fees, were or could

2

be imposed, and which obligation was payable in installments. Such agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

15. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

16. Plaintiff's cellular phone contract was for "services," namely cellular telephone service.

17. Plaintiff's cellular phone contract was not a pre-paid contract.

18. Plaintiff's cellular phone service contract was an extension of "credit." Wis. Stat. 421.301(14); *Murray v. New Cingular Wireless Servs.*, 432 F. Supp. 2d 788, 791 (N.D. Ill. 2006):

> [C]onsumers who sign up for a wireless phone plan are extended credit because they pay for service at the end of the month rather than buying the minutes in advance. ... At a minimum, a consumer must sign up for a plan that is $29.99, but this credit can extend into hundreds or thousands of dollars depending on the consumer's actual use and the plan selected. Virtually 100% of the wireless phone service purchased by the consumer would be on credit.

19. Upon information and belief, Plaintiff paid an amount monthly for a set number of minutes and paid extra for minutes he used exceeding their monthly allotment. The ability to use cellular minutes above the number designated by the customer's plan and to pay for those minutes later, is clearly incurring debt and deferring its payment. Wis. Stat. § 421.301(14).

20. Plaintiff's cellular service contract was payable in installments.

21. Under a cellular phone service contract, the consumer incurs an obligation to pay the entire amount of the contract monthly, over the contract's term.

3

22. For example, under a cellular plan labeled "$50 per month" with a 2-year term, the consumer is obligated to pay, at a minimum, $1,200.00. The payments are made in 24 monthly installments (plus charges for additional use over the number of "minutes" in the contract) of $50 each.

23. These installment payments also pay for some or all of the price of the physical telephone or device. For example, on June 24, 2014, Verizon's website listed the "Full Price" (i.e. the price absent a service contract) for a new iPhone 5C as $549.99, but the up-front cost to the consumer is $99.99. See Verizon website: http://www.verizonwireless.com/b2c/device/smartphone/iphone-5c-green-16gb?selectedContractTerm=2. The $450.00 difference is paid by the consumer over the life of the 2-year contract. *Id.*

24. Plaintiff's cellular service contract also included "finance charges" that "may be imposed." *See* Wis. Stat. §§ 421.301(10), 421.301(20).

25. Wis. Stat. § 421.30(20) defines a "finance charge" as:

> the sum of all charges, payable directly or indirectly by the customer as an incident to or as a condition of the extension of credit, whether paid or payable by the customer, the creditor or any other person on behalf of the customer to the creditor or to a 3rd party unless the creditor had no notice or knowledge of the charges paid or payable to the 3rd party. The term does not include any charge with respect to a motor vehicle consumer lease. The term includes the following types of charges to the extent they are not permitted additional charges under s. 422.202, delinquency charges under s. 422.203 or deferral charges under s. 422.204:

26. Upon information and belief, Plaintiff's cellular Customer Agreement with Verizon included an early termination fee, which Plaintiff would have to pay if she canceled her service contract prior to the expiration of the term.

27. Early termination fees are "finance charges" that "may be imposed," in that they are payable directly by the customer and are not permitted additional charges under Wis. Stat. §§ 422.202 through 422.210.

4

28. Upon information and belief, the Customer Agreement was not a pre-paid contract, and it included an early termination fee and other fees incidental to the payments for phone service.

29. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

*See also Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

30. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

31. Because cellular telephone service contracts are consumer credit transactions, Exhibit A falsely states or implies that Diversified has a right to add collection fees to consumers' alleged cell phone debts.

32. Even if a provision of any agreement between Plaintiff and Verizon Wireless for the provision of cell phone services would purport to permit Diversified to impose a collection fee, the WCA prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e)

33. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

5

34. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

35. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

36. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

37. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

## COUNT I -- FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. Diversified's threat to collect a fee in Exhibit A is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

41. Diversified has no legal basis for collecting a collection fee on Plaintiff's alleged cell phone debt. The WCA prohibits such fees.

42. Exhibit A falsely represents that Defendant is lawfully entitled to collect a fee.

43. Exhibit A creates a false impression as to its authorization or approval for collecting a fee.

6

44. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT II – FDCPA

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Diversified's threat to add a collection when neither Diversified nor Verizon Wireless are entitled to such a fee, is an unfair and/or unconscionable method by which to try and collect an alleged debt.

47. As these statements are threatening and/or confusing to the unsophisticated consumer recipient so as to falsely imply that the creditor is entitled to receive a collection fee, they are an unfair and/or unconscionable method for attempting to collect a debt.

48. Defendant violated 15 U.S.C. §§ 1692f, and 1692f(1).

## COUNT III – WCA

49. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50. Exhibit A threatens to enforce a right to a collection fee, even though Defendant knew or should have had reason to know that no such right existed at the time the letters were sent.

51. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

52. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

7

53. Defendant violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

54. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of <u>Exhibit A</u>, (c) that sought to collect alleged debts, (d) incurred for personal, family or household purposes, (e) on or after June 26, 2013, (f) that was not returned by the postal service.

55. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

56. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and the WCA.

57. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

58. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

59. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

60. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 26, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com