UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARJORIE TYLKE, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br>  vs.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,<br><br>              Defendant. | Case No.: 14-cv-748<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hon. Nancy Joseph |

Plaintiff Marjorie Tylke, through counsel, submits the following brief in opposition to Defendant Diversified Adjustment Service, Incorporated's ("Diversified's") motion to dismiss.

## INTRODUCTION

Plaintiff filed a complaint alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Wisconsin Consumer Act, § 427, Wis. Stat. ("WCA"). Plaintiff alleged that Diversified mailed Plaintiff and a class of similarly situated individuals a debt collection letter that stated: "The above balance due includes a Verizon Wireless Collection Fee of $0.00." Plaintiff did, and the hypothetical unsophisticated consumer would, interpret the overt reference to a "Verizon Wireless Collection Fee" as a representation that Verizon and Diversified are permitted to charge a collection fee and that a collection fee could or would be added to the debt in the future if the consumer did not pay. In fact, wireless telephone service contracts are "Consumer Credit Transactions" under Wisconsin law, and the WCA prohibits the addition of collection fees to Consumer Credit Transactions. Accordingly, the FDCPA explicitly prohibits a debt collector from adding amounts to a debt that are not actually

1

owed. 15 U.S.C. §§ 1692e(2)(a); 1692f(1); 1692g(a)(1); *Veach v. Sheeks*, 316 F.3d 690, 694 (7th Cir. 2003).

Diversified filed a motion to dismiss, alleging without any relevant authority whatsoever, that its letter could not possibly be interpreted as threatening a collection fee. (*See* Diversified's Brief in Support of Motion to Dismiss ("Def.'s Br." at 3-4). Diversified's motion is without merit and should be denied. The Motion to Dismiss analysis in this case is comparable to the analysis in cases involving the threats to add statutory, prejudgment interest to medical debts. In those cases, the debt collector included statements in dunning letters to the effect that Wis. Stat. § 138.04 permits the addition of 5% interest to the balance. The plaintiffs argued that the statute does not actually permit the addition of interest, it merely sets the rate of pre-verdict interest that a court could award once the creditor had proven it was entitled to judgment, and that the amount had been "fixed and determinable" prior to entry of judgment. *See Paige v. Waukesha Health Sys.*, 12-cv-601, 2013 U.S. Dist. LEXIS 96962, *18 (E.D. Wis., July 11, 2013) (motion to dismiss denied); *Lang v. Americollect, Inc.*, 12-cv-297-WEC, slip op. at 5 (E.D. Wis., Sept. 26, 2012) (same).[1]

Similarly, in this case, Diversified states that a Verizon Wireless Collection Fee is a possibility. Creating that impression that additional fees (which are prohibited) may be forthcoming is clearly Diversified's intent. Diversified has no other legitimate reason to even mention a Verizon Wireless Collection Fee in the letter. Plaintiff will show after discovery that the unsophisticated consumer would interpret the language in Diversified's letter this way. Thus, the motion to dismiss should be denied.

---

[1] The one outlier decision included a set of stipulated facts. *Trease v. Tri-State Adjustments, Inc.*, 934 F.Supp.2d 1016 (E.D. Wis. 2013) (the parties stipulated that the alleged medical debts were "fixed and determinable.")

2

**FACTUAL BACKGROUND**

Plaintiff Marjorie Tylke is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). (Complaint ("Compl.") at ¶ 3.) Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3) and a "customer" as defined in Wis. Stat. § 421.301(17), in that Defendant sought to collect from her, a debt incurred for personal, family or household purposes, and that this debt was the result of a consumer transaction. (Compl. at ¶¶ 4-5, 9, 10.) Defendant Diversified is a debt collector who mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "VERIZON WIRELESS." (Compl. at ¶ 9, Exhibit A.)

Diversified's letter states the following: "The above balance due includes a Verizon Wireless Collection Fee of $0.00." (Compl. ¶ 12, Exhibit A.) . The unsophisticated consumer would interpret the reference to a collection fee as meaning that Diversified and/or Verizon was permitted to seek a collection fee in the future. Compl. ¶ 13. Diversified, however, has no legal basis to add a collection fee to alleged cellular telephone accounts because such accounts are "Consumer Credit Transactions" under the WCA, and the WCA prohibits collection fees on Consumer Credit Transactions. (Compl. ¶¶ 14-32.) The letter is actually threatening to collect a collection fee despite the fact that neither Verizon nor Diversified is allowed to do so. (Compl. ¶ 31.)

**ARGUMENT**

**I.    LEGAL STANDARDS**

   **A.    Standard On A Motion To Dismiss**

A claim for relief must be supported by "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007);

*see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). A court must "accept as true all well-pleaded facts alleged, drawing all possible inferences in the plaintiff's favor." *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must only exhibit "facial plausibility" by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiffs are not required to prove their case at the pleading stage. *Brooks*, 578 F.3d at 580-81; *In re: Text Messaging Antitrust Litig.*, 630 F. 3d 622, 629 (7th Cir. 2010).

    **B.    FDCPA Standards**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors," whether or not there is a valid debt. 15 U.S.C. § 1692(e); *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692e, 1692f and 1692g. Plaintiffs need not prove intent, bad faith or negligence in an FDCPA case. The FDCPA is a strict liability statute. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *Ross v. Diversified Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007).

Whether a debt collector's conduct violates the FDCPA is judged from the standpoint of a hypothetical "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is objective—

whether the plaintiff or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997); *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991). The Seventh Circuit treats claims that a debt collection letter is false, confusing or misleading as a question of fact. *Evory v. Diversified Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007). Further, the Seventh Circuit has enumerated three categories of FDCPA cases alleging false or deceptive statements: 1) statements that are plainly not misleading or deceptive on their face (summary judgment for Defendant); 2) statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer (extrinsic evidence necessary); and 3) statements that are plainly deceptive communications (summary judgment for plaintiff without extrinsic evidence)). *Ruth v. Triumph P'Ships*, 577 F.3d 790, 800-01 (7th Cir. 2009).[2]

### C. WCA Standards

The WCA was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2). To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301. "The basic purpose of the remedies set forth in Chapter 425, Stat., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 335 N.W.2d 390, 394 (Wis. 1983). The Act contains significant and sweeping restrictions on the activity of debt collectors attempting to collect debts. *See* § 427.104, Wis. Stat.

---

[2] The complaint in this action alleges violations of 15 U.S.C. §§ 1692e and 1692f. Regardless, the standards for determining whether the complaint states a claim are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) ("We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis.")

5

Any construction of the WCA is to be "in accordance with the policies underlying a federal consumer credit protection act", and this includes the Fair Debt Collection Practices Act (FDCPA) contained in 15 U.S.C. § 1692, *et seq.*; *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314 n.12 (coordinating Wisconsin Supreme Court's interpretation of the WCA with the FDCPA, and noting that other courts have done so as well).

## II. PLAINTIFF IS ENTITLED TO PRESENT EXTRINSIC EVIDENCE THAT THE LANGUAGE IN DIVERSIFIED'S LETTER IS MATERIALLY FALSE AND CONFUSING AND/OR MISLEADING TO THE UNSOPHISTICATED CONSUMER.

Plaintiff's claim that Diversified's reference to a "Verizon Wireless Collection Fee" is false and misleading clearly states an FDCPA claim. *See Evory*, 505 F.3d at 775-76. The unsophisticated consumer would interpret a reference to a collection fee in a debt collection letter as a threat that such a fee could or would be sought. Diversified knows this. The only reason for the "collection fee" language to be in the letter at all is to raise the specter that the fees will be tacked on if the consumer does not pay right away. On a motion to dismiss, the Court accepts Plaintiff's facts as true, and all reasonable inferences must be drawn in Plaintiff's favor. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012). It is a perfectly reasonable assumption that the unsophisticated consumer would interpret the reference to a collection fee as a representation that the debt collector was permitted to collect such a fee, even if the amount at the time is zero.

The Seventh Circuit treats claims that a debt collection letter is false, confusing or misleading as a question of fact, and encourages plaintiffs to submit a consumer survey or other extrinsic evidence to support their claims. *Evory*, 505 F.3d at 776; *Muha v. Encore Receivable Mgmt.*, 558 F.3d 623, 628 (7th Cir. 2009) (extrinsic evidence in forms other than a survey is

6

permissible). Plaintiff intends to submit extrinsic evidence, including survey evidence, to support her allegations at the appropriate time after the discovery process. The standard for finding that a debt collection letter complies with the FDCPA as a matter of law at the pleading stage is an extremely heavy burden for a defendant to meet. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). Only when it is absolutely obvious that language complies with the statute, can a confusion claim be dismissed at the pleading stage. *Evory*, 505 F.3d at 776-777. Diversified cannot meet that burden.

Diversified's argument that this action should be dismissed on grounds that its letters do not threaten to collect a collection fee are entirely without merit. Whether a debt collection letter is materially false, misleading or confusing to the hypothetical "unsophisticated consumer"[3] is a question of fact and can only be dismissed at the pleading stage under extreme circumstances. Unlike other Circuits, which treat the question of whether a collection letter is confusing as a question of law, the Seventh Circuit views the confusing nature of a dunning letter as a question of fact, that if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion. *Evory*, 505 F.3d at 776 ("Other circuits, perhaps less kindly disposed to survey evidence than we, treat the deceptive character of a debt collector's communication as a question of law, so that if the communication is not deceptive on its face, the plaintiff is forbidden to try to show that it would be likely to deceive a substantial number of its intended recipients. We disagree with that position."); see also *McMillan*, 455 F.3d at 759 ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6)

---

[3] Or outside this Circuit, "least sophisticated consumer." *See* Def.'s Br. at 1. The difference in terminology is a distinction without a difference. *Avila,* 84 F.3d at 227 (7th Cir. 1996) ("the unsophisticated consumer standard is a distinction without much of a practical difference in application [from the 'least sophisticated consumer standard']").

7

motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects.").

Generally, all a plaintiff must do to survive a motion to dismiss a complaint alleging an FDCPA violation is to allege that the debt collector's letter is confusing. *Walker*, 200 F.3d at 501 ("How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys."); *Johnson*, 169 F.3d at 1059 ("A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)."); *see also Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000), ("a FDCPA complaint states a legal claim, and therefore a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing…[such a complaint is] legally sufficient [if] 'it [is] possible to imagine evidence consistent with the allegations of the complaint that would establish confusion.'" (quoting *Walker*, 200 F.3d at 503)); *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998).

The only possible exceptions to the rule are specified in *Evory*:

A plaintiff might rest on the text of the communication, and have no other evidence to offer, and then if there was nothing deceptive-seeming about the communication the court would have to dismiss the case. *Taylor v. Cavalry Investment, L.L.C., supra*, 365 F.3d at 574-75 ("if it is apparent from a reading of the letter that not even 'a significant fraction of the population' would be misled by it. . ., the court should reject it without requiring evidence beyond the letter itself"); *McMillan v. Collection Professionals, Inc., supra*, 455 F.3d at 760 ("undoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision"). Or the defendant might have used clear statutory language, as in *Jang v. A.M. Miller & Associates,* 122 F.3d 480, 483-84 (7th Cir. 1997), or our safe-harbor language. There might also be a case in which a false or deceptive statement clearly was immaterial, as in *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 738-40 (7th Cir. 2004); see also *Pettit v. Retrieval Masters Creditors*

> *Bureau, Inc., supra*, 211 F.3d at 1060-62, or was clarified elsewhere, as in *McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002), or in which a statement claimed to be false was obviously true, as in *Taylor v. Cavalry Investment, L.L.C., supra*, 365 F.3d at 575-76.

*Evory*, 505 F.3d at 776-77. Plaintiff does not intend to stand upon the face of the letter. She will submit extrinsic evidence that the unsophisticated consumer would interpret Diversified's reference to a Verizon Wireless Collection Fee as a threat to add such a fee if the consumer does not pay.

Additionally, Diversified's misstatement was not immaterial. False or misleading statements that may have the effect of expediting payment state an FDCPA claim. *See Evory*, 505 F.3d at 776, 778. In *Evory*, the Seventh Circuit reversed the dismissal of an action claiming that deadlines in a letter offering settlement of a debt create a false belief that the consumer must pay quickly to take advantage of the offer, when the same "offer" is actually available in the future. *Id.* The Court recognized "a potential for deception of the unsophisticated in those offers," which would have to be proven with extrinsic evidence. *Id.* at 776.

The Motion to Dismiss analysis in this case is akin to the analysis in cases involving threats to add statutory, prejudgment interest to medical debts. *See, eg. Paige v. Waukesha Health Sys.*, 12-cv-601, 2013 U.S. Dist. LEXIS 96962, *18 (E.D. Wis., July 11, 2013); *Lang v. Americollect, Inc.*, 12-cv-297-WEC, slip op. at 5 (E.D. Wis., Sept. 26, 2012). In *Paige*, the defendant mailed letters to consumers, stating:

> **As of the date of this notice pre-judgment interest is being assessed at a rate of 5% per year, on the outstanding balance of the claim, until paid in full. {Per Wisconsin statute 138.04}**

*Id.* at *4, 15-16. The defendant filed a motion to dismiss, asserting that the letter was not confusing because Wis. Stat. § 138.04 allows a creditor to add 5% annual interest to debts in the

9

absence of an agreed-upon interest rate. In response, the plaintiffs argued that the statute merely sets a default rate of pre-judgment interest, and that pre-judgment interest is not part of a debt until the Court actually awards it. The Court denied the motion to dismiss on grounds that the threat to seek pre-judgment interest in the absence of a judgment or an agreed-upon rate, would violate the FDCPA and WCA. *Id.* at *18. It is notable that the decision is based upon the perceived threat to collect interest. *Id.* In fact, on two of the four letters in *Paige*, it was not evident whether the defendant was *actually* adding interest, as they stated only a balance due. *Paige*, 12-cv-601, Dkt. No. 1, Exhibits A-D (E.D. Wis. filed Jun. 12, 2012). Likewise, in *Lang*, the Court denied the defendant's motion to dismiss where the plaintiffs had alleged that debt collection letters stated: "[f]uture interest of 5% per year may be added to the account if the Amount Due is not paid." *Lang*, 12-cv-297-WEC, slip op. at 2.

In its brief, Diversified merely states its interpretation of the facts – that the letter does not seek to collect a collection fee and did not threaten to do so in the future, in conclusory fashon. Def.'s Br. at 3-4. Defendant is not entitled to its view of the facts and the inferences drawn from the pleadings on a motion to dismiss. *Lake*, 585 F.3d at 1060. The notice pleading standard in federal courts "relies on liberal discovery rules and summary judgment motions [and not Rule 12(b)(6) motions] to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). It would be procedurally improper for the Court to rely upon Diversified's statement of how the unsophisticated consumer would react to the language in the letter. Plaintiff has not had the opportunity to conduct discovery. Plaintiff will address this question of fact during discovery through extrinsic evidence. In contrast, summary judgment is the "put up or shut up" moment in litigation. *Goodman v.*

*National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). On summary judgment, a party is required to present evidence on which a reasonable jury could rely tending to prove their claim. *Id.*

Moreover, Diversified cites no relevant case law beyond those that establish, generally, the standards for analyzing FDCPA claims that a letter is confusing. *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000); *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414-15 (7th Cir. 2005); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000); *Gammon v. GC Servs., L.P.*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir.2012) (citing *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir.2004)); *Borucki v. Vision Financial Corp.*, 13-cv-386, 2013 WL 2477067, 2013 U.S. Dist. LEXIS 80419 (E.D. Wis. June 7, 2013). Apart from reiterating the aforementioned standards, these cases were either decided on summary judgment or the facts of those cases are inapplicable to this case. *White*, 200 F.3d at 1019 (summary judgment); *Durkin*, 406 F.3d at 412 (summary judgment granted after plaintiff's expert witness was excluded); *Pettit*, 211 F.3d at 1062 (summary judgment granted after plaintiff failed to submit extrinsic evidence); *Gammon*, 27 F.3d at 1257-58 (establishing "unsophisticated consumer" standard and reversing dismissal of FDCPA action); *Zemeckis*, 679 F.3d at 636 ("act now" language with threat of lawsuit is puffery that did not overshadow the 15 U.S.C. § 1692g notice); *Taylor*, 365 F.3d at 575 (summary judgment granted after no extrinsic evidence was presented); *Borucki*, 2013 U.S. Dist. LEXIS 80419, *7-9 (§ 1692g notice language that deviated from the statutory language was not a violation because a request for verification would be considered a "dispute" of a debt.).

11

Furthermore, Defendant does not attempt to legitimately explain why the Verizon Wireless Collection Fee statement on the dunning letter in the first place. Diversified could have omitted the statement from its letter entirely, and this action would never have been brought. Most likely, Diversified was aware of *Seeger v. Afni, Inc.*, 548 F.3d 1107 (7th Cir. 2008) and other litigation challenging attempts by debt collectors to add collection fees to cellular service debts, and attempted to craft language that would both scare the consumer about the risk of additional fees, but not actually be adding a fee.

Moreover, in a footnote, Defendant cites the District Court summary judgment opinion in *Seeger* for the proposition that cellular service accounts are not consumer credit transactions. Def.'s Br. at 2, n.1; *Seeger v. AFNI, Inc.*, 2007 WL 1598618, *16 (E.D. Wis., June 1, 2007). To the extent that Defendant intended to raise that argument on this motion to dismiss, "arguments raised in passing in a footnote are waived." *United States Dep't of the Navy v. Fed. Labor Relations Auth.*, 975 F.2d 348, 352 n.1 (7th Cir. 1992) (citing *United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989). Further, on the merits, the Seventh Circuit did not reach that claim on appeal, upholding the grant of summary judgment in Plaintiff's favor on other grounds. *Seeger*, 548 F.3d at 1114-15 (7th Cir. 2008). Whether the cellular service account in this action is a Consumer Credit Transaction under Wisconsin law involves a factual inquiry into whether Verizon's customer agreement meets the requirements of the statute. Wis. Stat. § 421.301(10); Compl. ¶ 14.[4] It is a question that cannot be resolved on a motion to dismiss. *Id.* In this action

---

[4] A Consumer Credit Transaction is "a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans." Wis. Stat. § 421.301(10).

Plaintiff can and will establish that the Verizon cellular service account in this action is both payable in installments and includes finance charges that may be imposed. Compl. ¶¶ 15-28.

Diversified's tactic is about intimidating a debtor to pay the alleged debt immediately. The unsophisticated consumer sees the reference to a collection fee and has no reason to believe that the amount would not grow. But, as Diversified itself asserts, Diversified had no intention of assuming the potential liability of actually adding a collection fee. Def.'s Br. at 4. The statement on Diversified's collection letter is inherently misleading and is about harassment. It is an attempt to receive payment from a debtor, perhaps at the expense of payment to another debt collector that is not using such false and deceptive tactics. Prevention of unscrupulous debt collection practices such as this one is part of the very purpose of the FDCPA. 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged"). As in *Evory*, Plaintiff is entitled to present extrinsic evidence of how the unsophisticated consumer would react to Diversified's inherently threatening language. *Evory*, 505 F.3d at 775-76.

## CONCLUSION

For all the foregoing reasons, Defendant's motion to dismiss should be denied.

Respectfully submitted,

Dated: September 8, 2014

                                **ADEMI & O'REILLY, LLP**

                        By: /s/ John D. Blythin
                            John D. Blythin (SBN 1046105)
                            3620 East Layton Avenue
                            Cudahy, WI 53110
                            (414) 482-8000; (414) 482-8001 (fax)
                            jblythin@ademilaw.com

                            *Counsel for Plaintiff and the Proposed Class*